IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHASE HOME FINANCE, LLC.**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:11-CV-1095-L** |
| | § | |
| **JUANA MEDINA**, *and all occupants of* | § | |
| *2115 Austin Dr.*, *Carrollton, Texas 75006*, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion to Remand and Motion for Attorney's Fees, filed June 22, 2011. After carefully reviewing the motions, index, briefs, objection (response), record, and applicable law, the court **grants** Plaintiff's Motion to Remand and **denies** Plaintiff's Motion for Attorney's Fees.

### I. Factual and Procedural Background

This action arises out of a foreclosure sale of real property held by Juana Medina ("Defendant" or "Medina") and located at 2115 Austin Drive, Carrollton, Texas (the "Property"). Chase Home Finance, LLC ("Plaintiff" or "CHF") purchased the Property on March 1, 2011. Pl.'s Index, Ex. 2. On March 31, 2011, CHF sued Defendant for Forcible Detainer in the Justice of the Peace Court of Dallas County, Texas, Precinct 3, Place 3. *Id.* Defendant was served on April 14, 2011, and CHF received a Judgment granting it entitlement to possession on April 20, 2011. On April 25, 2011, Defendant appealed the judgment. The case was set for trial on May 26, 2011 in the County Court at Law, Number 1, Dallas County, Texas, when Defendant, proceeding *pro se*, removed the case to this court on May 25, 2011.

**Memorandum Opinion and Order – Page 1**

In her notice of removal, Defendant contends this court has jurisdiction over the action pursuant to 28 U.S.C. § 1331, because Plaintiff's complaint alleges a cause of action under the laws of the United States; and 28 U.S.C. § 1332 in that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant further contends that removal was timely pursuant to 28 U.S.C. § 1446(b) because she was not served with Plaintiff's Original Petition for Forcible Detainer ("Plaintiff's Petition") until May 11, 2011, which is within thirty days of Defendant's Notice of Removal, filed May 25, 2011. Plaintiff seeks to remand this action, contending that Defendant has failed to establish the existence of diversity jurisdiction and that Defendant's removal was untimely. Additionally, Plaintiff seeks attorney's fees incurred as a result of removal of this case.

## II.     Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*

### A.     Federal Question

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This provision for federal question

jurisdiction is generally invoked by plaintiffs pleading a cause of action created by federal law (such as claims brought pursuant to 42 U.S.C. § 1983, or by defendants removing to federal court because the plaintiff's claim arises under federal law).

The existence of a cause of action created by federal law, however, is not always a prerequisite to establish federal question jurisdiction pursuant to 28 U.S.C. § 1331 or removal jurisdiction pursuant to 28 U.S.C. § 1441(a). *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). In deciding whether a state law claim invokes federal jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314. When a pleading only sets forth state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Whether federal question jurisdiction exists over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). In other words, the complaint must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993).

B.     **Diversity of Citizenship and Amount in Controversy**

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir.

1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)), *cert. denied,* 541 U.S. 1073 (2004). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, Nat'l Ass'n v. Schmidt,* 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006). A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). But even if complete diversity does exist, the case may not be removed from state to federal court if any defendant is a citizen of the state in which the action is brought. 28 U.S.C. §1441(b).

For diversity purposes, the amount in controversy is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. *St. Paul*

*Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S. Ct. 180, 133 L. Ed.2d 119 (1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995). In a removal case, when the complaint does not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *Allen*, 63 F.3d at 1336. Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253.

**III.    Analysis**

    **A.    Federal Question**

The court determines that Defendant's purported showing of federal question jurisdiction is deficient for several reasons. In Defendant's Objection to Plaintiff's Motion to Remand, Defendant contends that Plaintiff's complaint alleges a cause of action under the laws of the United States, specifically the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. The Fair Credit Reporting Act is a federal statute concerning accuracy and fairness in consumer credit reporting. *See* 15 U.S.C. § 1681. Defendant's reliance on this statute is misplaced. Plaintiff's Petition contains no mention of 15 U.S.C. § 1681. Pl.'s Index, Ex. 2. "The presence or absence of federal-question jurisdiction

is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Furthermore, although Plaintiff's Petition stipulates that the written demand to vacate the premises was made upon Defendant "in accordance with the Protecting Tenants at Foreclosure Act of 2009," this statement is also insufficient to establish federal subject matter jurisdiction. Pl.'s Index, Ex. 2. "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint." *Caterpillar Inc.*, 482 U.S. at 393. As far as the court can discern from the record, Plaintiff's claim against Defendant arises under the Texas Property Code concerning a forcible eviction of Defendant from real property that Plaintiff purchased. Accordingly, the court finds that Defendant has not met her burden of establishing that Plaintiff's complaint presents a federal question pursuant to 28 U.S.C. § 1331.

### B. Diversity of Citizenship and Amount in Controversy

Defendant has also failed to establish diversity of citizenship between the parties or that the amount in controversy exceeds $75,000. Defendant asserts that complete diversity of citizenship exists between the parties because Defendant is a citizen and a resident of the State of Texas, and Plaintiff is a corporation with its main office located in Ohio, and is thus a citizen of Ohio. Although Plaintiff lists an Ohio mailing address on the Deed of Trust for the Property, the record supports that Plaintiff is a limited liability company, not a corporation. Therefore, Plaintiff's citizenship for diversity purposes "is determined by the citizenship of all of its members." *Harvey,* 542 F.3d at 1080. The record sets forth neither the names nor the citizenship of the members of the limited

liability company, and the court cannot definitively determine Plaintiff's citizenship for diversity purposes.[1] Thus, the record does not establish that diversity exists between the parties.

With respect to the amount in controversy, Defendant contends that it exceeds $75,000 because the market value of the property is $108,000, according to the Dallas Central Appraisal District. As noted by Plaintiff, however, the amount in controversy in this case is not the value of the Property itself, but rather the value of the right to *occupy* or possess the Property. *See Ezon v. Cornwall Equities Ltd.*, 540 F. Supp. 885, 889 (S.D. Tex. 1982) (citing *Battle v. Atkinson*, 115 F. 384, 389 (W.D. Ark. 1902), *aff'd*,191 U.S. 559 (1903)). Defendant, at this juncture, is a tenant at sufferance under Chapter 24 of the Texas Property Code, and therefore would have to show the value of her right to occupy or to be in possession of the property, which she has not done. Moreover, even if the court assumes that the amount in controversy is equal to the market value of the Property, Defendant does not present sufficient evidence to demonstrate the Property's actual value. A removing defendant "must produce evidence that establishes that the actual amount of the plaintiff's claim will exceed [$75,000]." *De Aguilar*, 47 F.3d at 1412. Accordingly, the court finds

---

[1] In Plaintiff's Petition, Plaintiff asserts that it is "a duly formed and existing business organization doing business in the State of Texas." Pl.'s Index, Ex. 2. Additionally, in support of establishing its citizenship for diversity purposes, Plaintiff's Brief in Support of Motion to Remand states: "Plaintiff has sufficient 'minimum contacts' with the State of Texas," the action "arises out of Plaintiff's dealings within Texas", and "it is reasonable to require Plaintiff to litigate" in a Texas state court. Pl.'s Br. 9-10. This is not how the court determines a limited liability company's citizenship for diversity purposes. The Fifth Circuit has made clear that the citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey*, 542 F.3d at 1080. This citizenship determination is different from that of a corporation or a national bank. *See* 28 U.S.C. § 1332(c) (a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business); *Wachovia Bank,* 546 U.S. at 307 (A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located."). Neither Plaintiff nor Defendant states facts that establish the citizenship of all of Plaintiff's members, which would be necessary to determine Plaintiff's citizenship for diversity purposes as a limited liability company. *See Harvey*, 542 F.3d at 1080. Furthermore, neither Plaintiff nor Defendant states facts that are sufficient for the court to conclude that Plaintiff is a corporation or a national bank. Plaintiff's name on Plaintiff's Petition leads the court to believe that Plaintiff is a limited liability company. On the state of the record, the court considers Plaintiff to be a limited liability company.

**Memorandum Opinion and Order – Page 7**

that Defendant has failed to satisfy her burden of establishing that diversity jurisdiction exists under 28 U.S.C. § 1332.[2]

### C. In-state Defendant

The statute that governs removal of cases in general is 28 U.S.C. § 1441. The relevant provision of the statute provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b). Although this statute allows removal based on diversity, it does not apply to those actions in which any defendant is a citizen of the state in which the action is brought. *Id.*; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985). Therefore, even if the court assumes that complete diversity exists, as Medina is a citizen of Texas, the case may not be removed to federal court.

### D. Timeliness of Removal

As this court has determined that it lacks subject matter jurisdiction and that removal is precluded because of the in-state defendant rule, it declines to address the timeliness of Defendant's removal.

---

[2] Having determined that there is no basis for original jurisdiction in this case under 28 U.S.C. §§ 1331 and 1332, the court concludes that jurisdiction over any supplemental claims invoked pursuant to 28 U.S.C. § 1367 necessarily fails.

## IV. Plaintiff's Motion for Attorney's Fees

Plaintiff requests that the court order Defendant to pay $1,000 for all costs and attorney's fees related to its motion to remand, because it contends that Defendant wrongfully removed this case. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In applying section 1447(c), the court must consider "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). The decision whether to award costs is within the court's discretion. *Id.* at 292.

The court determines that Defendant's removal was not objectively reasonable; however, the court notes that Defendant is proceeding *pro se* and filed an affidavit of inability to pay costs in the justice of the peace court. Pl.'s Index, Ex. 4. Defendant does not have the means to pay $1,000 in attorney's fees and costs incurred by Plaintiff as a result of removal. While this case should not have been removed, the court in exercising its discretion determines that it is not in the interest of justice to award attorney's fees to Plaintiff under these circumstances. The court will not permit an award of costs and attorney's fees.

## V. Conclusion

For the reasons stated herein, the court **grants** Plaintiff's Motion to Remand and **denies** Plaintiff's Motion for Attorney's Fees. The court, pursuant to 28 U.S.C. § 1447(c), **remands** this action to the County Court at Law, Number 1, Dallas County, Texas. Alternatively, the court **remands** this action pursuant to 28 U.S.C. § 1441(b). The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 29th day of July, 2011.

                                                                     Sam A. Lindsay
                                                                     United States District Judge